IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OMMEN BROWN           ) | |
|               Plaintiff,     ) | |
| vs.                    ) | CIVIL NO. 09-cv-64-DRH |
| ROGER E. WALKER, JR., *et al.*,   ) | |
|               Defendants.    ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff , an inmate in the Menard Correctional Facility, brings this action for deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its

face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, No. 08-4286, 2009 WL 2535731, at *5 (7th Cir. Aug. 20, 2009).

Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, No. 06-4260, 2009 WL 2498580, at *2 (7th Cir. Aug. 18, 2009).

## THE COMPLAINT

Liberally construing the complaint, Plaintiff asserts he submitted a medical service complaint on February 27, 2006, for a "clogged" ear.

On March 1, 2006, Plaintiff was taken to the Health Care Unit (HCU) at Menard Correctional Center after he was hit on the left side of his face with a basketball. Plaintiff was examined by Defendant Feinerman who gave Plaintiff an ice pack for the pain and swelling associated with the basketball injury. At the same time, Defendant Feinerman also examined Plaintiff's ear regarding Plaintiff's complaint of it being "clogged." It appears that Plaintiff was diagnosed with an ear infection and prescribed the antibiotic medication "Keflex."[1]

When Plaintiff continued to experience pain and swelling on the left side of his face, he was scheduled to see an optometrist on April 12, 2006. In his complaint, Plaintiff states that the

---

[1] Exhibit C attached to the complaint appear to be a copy of Plaintiff's medical records. This Exhibit indicates that Plaintiff suffered from "conjunctivitis" of the ear canal.

optometrist appointment "continued to be re-scheduled" for the next six months. Exhibits attached to the complaint indicate that the appointments were re-scheduled because Plaintiff failed to show-up for them. *See* Plaintiff's Exhibit E. In grievances attached to the complaint, Plaintiff contends that he was unable to make these appointments because (1) his medical passes to see the optometrist were stopped by unknown persons; and (2) that Menard was placed on "lock-down" for some of the appointments.

In the ensuing months, Plaintiff continued to file grievances concerning the swelling and pain. Exhibits attached to the complaint indicate that Plaintiff was examined by CMT's or doctors on multiple occasions. X-rays and CT scans were performed. These x-rays and scans initially indicated that Plaintiff did not have any broken bones in his face. The doctors who examined Plaintiff considered several causes for Plaintiff's swelling and pain including: temporomendibular joint syndrome (TMJ), acne, and a sinus problem. Plaintiff was prescribed the pain reliever/anti-inflammatory Motrin and the antibiotic Ciprofloxacin. According to the attached exhibits, Plaintiff was seen by an optometrist four different times. The last time, the optometrist wrote in Plaintiff's medical records:

> Already examined [Plaintiff] 3 times before . . .[Plaintiff] blames his problems on getting CT scan [and] overall treatment too later after . . . trauma to left side of face in 2/06. [Plaintiff] has no blepharoptosis. [Plaintiff] has no observable or treatable . . .pathology of any kind. Explained for the 4th time that there is no possible treatment I can provide to correct his complaints. His stated delay in treatment is not accountable for any problems he has. No further need to be seen by me.

Plaintiff's Exhibit AN. Plaintiff was also examined by a dentist several times, but the examinations revealed that Plaintiff's jaw had a normal range of motion and that Plaintiff had no treatable dental problem. *See* Plaintiff's Exhibit BP. Later x-rays and scans revealed a fracture in the left orbital area that had healed. The gravamen of Plaintiff's complaint is that had the

fracture to his left orbital area been discovered earlier, then he would not be in pain today.[2]

## DISCUSSION

The Eighth Amendment protects inmates against the delay and denial of medical services to them.

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

Applying these principles, Plaintiff has not successfully stated an Eighth Amendment claim. Plaintiff's complaint and attached exhibits clearly demonstrate that Plaintiff received extensive medical treatment concerning the pain and swelling on the left side of his face. Numerous attempts were made to find the cause of Plaintiff's swelling and pain. As noted in the complaint, initial x-rays and scans failed to indicate the fracture. Consequently, other medical conditions(e., g., TMJ) were considered and pursued. At best, Plaintiff's complaint states only a claim for negligence in diagnosing and treating the fracture of his left orbital area. Mere

---

[2]In addition to the medical conditions and care noted above, Exhibits attached to the complaint indicate that, during the same time period that Plaintiff was being treated for the swelling and pain on the left side of his face, Plaintiff was also being treated for cysts on his head and ears. Several of the cysts were removed. *See* Plaintiff's Exhibit 5.

negligence, however, does not violate Plaintiff's Eighth Amendment rights. *Estelle*, 429 U.S. at 107; *Greeno*, 414 F.3d at 653.

**DISPOSITION**

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004). All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED:** September 15, 2009.


/s/   DavidRHerndon
**DISTRICT JUDGE**