IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OMMEN BROWN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 09-cv-64-DRH |
| ) | |
| ROGER E. WALKER, JR., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on Plaintiff's motion to set aside judgment (Doc. 52) which he asserts is brought pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure.

Plaintiff brought a *pro se* civil complaint pursuant to 42 U.S.C. § 1983 asserting violations of his constitutional rights. Plaintiff's complaint alleged that on or about March 1, 2006, he was hit on the left side of his face with a basketball which caused swelling and pain.[1] Approximately 14 months later, on or about May 4, 2007, a CT scan revealed that Plaintiff had an "old medial wall fracture" that had healed. Plaintiff believes that the "old fracture" occurred when he was hit on the left side of his face in March 2006. In his complaint, Plaintiff claimed:

> Upon information and belief, if plaintiff would have received a CT scan on or close to the onset of his injury, it would have given the medical staff a chance to repair the fractured orbital bone which could have prevented the continued pain and suffering, and would have prevented the permanent injury he now has to his

---

[1] As noted in the Court's prior Memorandum and Order (Doc. 8), the complaint indicated that, during the same period that Plaintiff was being treated for the swelling and pain on the left side of his face, Plaintiff was also being treated for cysts on his head and ears. Several of the cysts were removed. *See* Plaintiff's Exhibit 5.

face.

Plaintiff's Complaint, pg. 7; ¶ 47.  Accordingly, this Court determined that "[t]he gravamen of Plaintiff's complaint is that had the fracture to his left orbital area been discovered earlier, then he would not be in pain today." *See* (Doc. 8).

In reviewing the complaint pursuant to 28 U.S.C. § 1915A, the Court noted that the complaint and attached exhibits indicated that between March 2006 and May 2007, Plaintiff received extensive medical treatment and care for pain and swelling he has allegedly been experiencing on the left side of his face since being hit with the basketball.  The care Plaintiff received during this time included tests to determine the cause of Plaintiff's pain and swelling.  For example, Exhibit "BA" indicated that Plaintiff had several x-rays taken of his "facial bones/mastoids," but that the x-rays revealed "no acute abnormality."  Because the fracture was *not* found by this set of x-rays, it appears medical staff considered other causes for Plaintiff's swelling and pain.  Ultimately, a CT scan was performed which - as noted above - revealed a fracture which, by that time, had healed.

This Court concluded that Plaintiff's complaint and exhibits failed to state an Eighth Amendment claim because it was clear that "[n]umerous attempts were made to find the cause of Plaintiff's swelling and pain."  *See* (Doc. 8).  That these attempts to find the cause of Plaintiff's swelling and pain were unsuccessful indicated "[a]t best . . . only a claim for negligence in diagnosing . . . the fracture of [Plaintiff's] left orbital area." *Id*.  Mere negligence in diagnosing (or treating) a medical condition, however, does not rise to the level of an Eighth Amendment violation.  *Estelle v. Gamble*, 429 U.S. 97, 107 (1976).  Consequently, the Court dismissed Plaintiff's complaint with prejudice.  Plaintiff appealed the dismissal of his complaint, but his

appeal was dismissed. *See* (Docs. 11 and 41).

In the instant motion, Plaintiff contends that he is entitled to relief under Rule 60(b)(1) because of a "mistake" made by the Court in construing his complaint. Specifically, Plaintiff asserts that - not withstanding paragraph 47 of his complaint - the gravamen of his complaint is *not* that prison doctors failed to discover his fractured orbital area earlier, but that "when they did discover a fracture [in May 2007], they did nothing to see if this was the main cause of Plaintiff's pain and swelling in the left orbital area by getting an outside specialist . . . to get the proper diagnosis." *See* Plaintiff's Motion to Set Aside Judgment (Doc. 52) at pg. 8.

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

Plaintiff's assertion that the Court misconstrued the gist of his complaint and that his complaint does state an Eighth Amendment claim do not suggest clerical mistake. Instead, Plaintiff's arguments challenge the Court's application of the law to the facts alleged in the

complaint.  Plaintiff's challenge to this Court's Memorandum and Order dismissing his complaint could have been addressed in Plaintiff's direct appeal.  Therefore, Plaintiff is not entitled to relief under Rule 60(b), and the instant motion should be denied.

Even if Plaintiff's assertions could be raised in a Rule 60(b)(1) motion, however, the Court would still deny the instant motion.   First, as noted above, Plaintiff's complaint did assert that he was seeking relief for the failure to discover and properly treat the "old fracture" *before* May 4, 2007.

Second, the complaint and attached exhibits  reveal that even *after* May 4, 2007 - when the "old fracture" was discovered - Plaintiff still received medical care for the pain and swelling on the left side of his face.  Furthermore, the complaint and attached exhibits indicate that while Plaintiff attributes his current pain and swelling to the "old fracture," prison doctors do not necessarily agree with Plaintiff's conclusions.  While Plaintiff appears to assert that there is something that can still  be done to "fix" his "old fracture, prison doctors disagree that there is anything that can be done at this point.  Prison doctors may be wrong about whether Plaintiff's current condition can be traced to the "old fracture." Prison doctors may also be wrong about whether there is anything that can be done at this point to repair the "old fracture."  But being wrong - either in diagnosing or treating Plaintiff's condition - does not rise to the level of an Eighth Amendment violation.  *Estelle* 429 U.S. at 107.

Accordingly, Plaintiff's motion to set aside judgment (Doc. 52) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:**   October 6, 2010       /s/    DavidRHerndon
                                   **DISTRICT JUDGE**